1  Jack Russo (Cal. Bar No. 96068)
   Christopher Sargent (Cal. Bar No. 246285)
2  COMPUTERLAW GROUP LLP
   401 Florence Street
3  Palo Alto, CA 94301
   (650) 327-9800
4  (650) 618-1863 fax
   jrusso@computerlaw.com
5  csargent@computerlaw.com

6  Attorneys for Plaintiff
   RISKIQ, INC.

7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN FRANCISCO DIVISION

11

12  **RiskIQ, Inc.**, a Delaware corporation

                                                    Case No.
13                  Plaintiff;

                                                    **COMPLAINT FOR**
14          v.

                                                    **(1) STATUTORY TRADEMARK**
15  **Risk IO, Inc.**, a Delaware Corporation,          **INFRINGEMENT;**
                                                    **(2) WILLFUL TRADEMARK**
16                  Defendant.                          **INFRINGEMENT**
                                                    **(3) COMMON LAW UNFAIR**
17                                                      **COMPETITION**

18                                                          **DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

Complaint                                                                    Case No.

Plaintiff RiskIQ, Inc. ("RiskIQ" or "Plaintiff") alleges as follows against Defendant Risk IO, Inc. ("Risk IO" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition based upon Risk IO's having improperly and willfully used the names, RISK IO and RISKI/O (the "Infringing Marks"), which are nearly identical to RiskIQ's valid, federally registered trademark and trade name RISKIQ, U.S.Trademark Registration No. 4,011,136 (the "RISKIQ Mark" or the "Trademark"), without permission, causing customer confusion, dilution and tarnishment, and unfairly competing with RiskIQ by the improper use of the confusingly similar Infringing Marks.

### JURISDICTION AND VENUE

2. This action arises under the trademark laws of the United States and unfair competition laws of the state of California. 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b). Venue is proper in this District under 28 U.S.C. § 1391 (b)–(c) because, based on published information, Defendant has used, sold, offered for sale, distributed, or otherwise commercially exploited in this District products under a name which infringes RiskIQ's Trademark, and has improperly created confusion as the owner of such marks or goods associated with such marks, and/or the corporation identified that designation in this District. The Court has supplemental jurisdiction over RiskIQ's pendent claims under to 28 U.S.C. § 1367.

### THE PARTIES

3. Plaintiff RiskIQ is a Delaware corporation with its principal place of business in San Francisco, California. RiskIQ was incorporated under the laws of Delaware on April 23, 2003 and was founded in anticipation of potential security threats unique to conducting business and storing and transmitting data and information over the internet and online networks.

4. Defendant Risk IO is or purports to be a Delaware corporation having, based on published information, its principal place of business in Chicago, Illinois, and offices in San Francisco, California. Risk IO sells software and services which monitor live threat processing of internet breaches under the Infringing Marks.

Complaint   1   Case No.

**Computerlaw Group LLP**
www.computerlaw.com℠

## FACTUAL ALLEGATIONS

### The RISKIQ Mark

5.  Founded in 2003, RiskIQ was one of the initial entrants into the then-nascent field of online security monitoring and security assessment. RiskIQ is in the business of designing, manufacturing, marketing, selling, and providing services for use in connection with software and services for online security monitoring and management services.

6.  Plaintiff RiskIQ is an industry leader in the area of online security monitoring and risk management. RiskIQ's software and services enable businesses to assess and manage risk and monitor online fraud and abuse. As of the date of this filing, RiskIQ has many paying customers throughout the United States and worldwide.

7.  On April 22, 2010, Plaintiff RiskIQ filed for a trademark registration in the name of "RISKIQ" based on actual use of the mark and trade name. The Trademark was registered on August 16, 2011 and bears registration number 4,011,136. **Exhibit 1** is a true and correct copy of the "RISKIQ" federal trademark registration.

8.  Plaintiff RiskIQ owns the federally registered Trademark on the standard character mark RISKIQ in International Class 09 for "computer software for the collection, editing, organizing, modifying, book marking, transmission, storage and sharing of data and information for security assessment and risk management, for monitoring online fraud and abuse in the field of security monitoring."

9.  Plaintiff RiskIQ has continuously used the Trademark in interstate commerce since, at least, June 27, 2007 in connection with the sale of goods and services, as well as its corporate operations. The Trademark has been valid and continuous since the date of first use, and its corporate designation, the Trademark has not been abandoned. The Trademark has been prominently used on RiskIQ's website, www.riskiq.com. RiskIQ's use of the Trademark in the sale of its goods and services and as its corporate designation began before that of Risk IO's adoption of the Infringing Marks. **Exhibit 2** contains copies of screenshots from RiskIQ's website. **Exhibit 3** is copies of the registration screen for the www.riskiq.com domain name.

10. Plaintiff RiskIQ has extensively advertised and promoted the Trademark, and has expended considerable effort and expense in offering quality computer software. As a result of RiskIQ's extensive marketing, promotion, and sales activity, as well as its continuous, nationwide use in commerce, the Trademark has come to be identified as the designator of RiskIQ's goods and services, as well as its corporate designation and trade name. It has become a valuable asset of RiskIQ and a principal symbol of its goodwill. RiskIQ has spent considerable time, money, and effort promoting its RISKIQ mark on the internet, including its website and through other media, as well as developing customer recognition and goodwill in the mark nationwide through presentations by its trained sales representatives, using both printed and electronic publications.

11. For over seven years, Plaintiff RiskIQ's Trademark has had continuous, penetrating, and worldwide reach through advertising, publicity, and sales, whether advertised or publicized by RiskIQ, by its sales representatives, or by third parties. The goods and services offered under the RISKIQ mark amounts to over 100,000 page views annually, and RiskIQ has come to be immediately and exclusively identified as the source of these goods and services. Consumers are therefore familiar with and widely recognize RiskIQ's use of the RISKIQ mark. RiskIQ's RISKIQ mark is famous, distinctive, and is seen within its market as a leading source of online security and risk monitoring services. The Trademark has become an asset of substantial value and a symbol of its goodwill.

**The Infringing Marks**

12. Defendant Risk IO's use of the Infringing Marks is in connection with the sale and offering for sale of computer security software and services, and sales of similar products, such as providing software for security, including in prominent displays on its website, https://www.Risk.io.

13. Based on published information, Defendant Risk IO adopted and began using the Infringing Marks around March 2011, for its SaaS-based products and services, aimed at scanning for and aggregating vulnerabilities and threats to a user's data and internet, thereby identifying and prioritizing the user's security risks. Defendant Risk IO uses the nearly identical,

1  confusingly similar Infringing Marks in sales and offering for sale goods and services in the
2  same market as, or a near-field market to that in which RiskIQ uses its senior, federally
3  registered Trademark.

4      14.    Defendant Risk IO uses this nearly identical mark in connection with sale and
5  offering for sale its goods and services, in at least California and Illinois, and throughout the
6  United States, which is territory encompassed by RiskIQ's worldwide market, and is within the
7  geographical market to which RiskIQ's federal registration gives it protection and priority.

8      15.    Defendant Risk IO's use of its mark is both likely to cause customer confusion,
9  and has caused actual customer confusion among RiskIQ's existing and potential customers. For
10 example, the CEO of RiskIQ had a discussion with a potential client who, unknowingly, planned
11 to meet with Risk IO's executive, whom the potential client had assumed was an extension of
12 RiskIQ.  This and other evidence demonstrates such actual confusion of customers concerning
13 the Infringing Marks.

14     16.    In December 2014, RiskIQ, informed of Risk IO's use of the Infringing Marks,
15 demanded that Risk IO cease and desist use of the Infringing Marks. Since the date of the letter,
16 Risk IO has continued use of these nearly identical, junior Infringing Marks to RiskIQ's.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (STATUTORY TRADEMARK INFRINGEMENT)

19     17.    Plaintiff RiskIQ re-alleges each of the allegations of Paragraphs 1 through 16
20 above, and incorporates the same by this reference as if fully set forth here.

21     18.    Plaintiff RiskIQ is the owner of the federally registered and protected Trademark
22 on the name and tradename RISKIQ, which was applied for and registered based on use in
23 commerce in connection with RiskIQ's goods and services since at least June 29, 2007.  Since
24 the registration date for the Trademark, RiskIQ has given constructive notice that the Trademark
25 is registered in the U.S. Patent and Trademark Office by designating the mark with the ™
26 symbol.

27     19.    The Trademark is valid and in continuous use since 2007.  RiskIQ has been and is
28 currently using the Trademark in interstate commerce.  Moreover, RiskIQ has continuously used

**Computerlaw Group LLP**
www.computerlaw.com℠

the Trademark to identify its goods and services, and to distinguish them from those made by others, by, among other things, prominently displaying the Trademark on or in connection with its products throughout the United States and the world.

20. Defendant Risk IO has infringed and continues to infringe upon the Trademark in interstate commerce within the meaning of the Lanham Act by using the deceptively similar Infringing Marks as a name or device on its products and/or in connection with services, and/or the marketing, advertising or commercialization of such products and/or services.

21. The Infringing Marks are confusingly similar to RISKIQ, Plaintiff RiskIQ's registered Trademark, and Risk IO's use of these Infringing Marks is likely to cause confusion, mistake, or deceive the public as to the source of the goods and services in violation of 15 U.S.C. § 1114(1).

22. Defendant Risk IO's use of the Infringing Marks has already caused actual confusion or mistake among RiskIQ's customers as to the source of the goods and services in violation of 15 U.S.C. § 1114(1).

23. Additionally, Risk IO uses the Infringing Marks in association with similar goods and services, and within the same or a near-field market as RiskIQ.

24. Risk IO makes use of similar or overlapping channels for marketing, selling, and offering those similar goods and services under the Infringing Marks. Merely one example is the website which also incorporates significant elements of RiskIQ's Trademark into its confusingly similar domain name, and displays the confusingly similar Infringing Marks in connection with Risk IO's own goods and services.

25. For those further reasons, Risk IO's use of the Infringing Marks is likely to cause confusion, mistake, or to deceive the public in violation of 15 U.S.C. § 1114(1). Risk IO's use of the Infringing Marks has already caused actual confusion or mistake among RiskIQ's customers as to the source of the goods and services in violation of 15 U.S.C. § 1114(1).

26. As a direct and proximate result of Risk IO's trademark infringement, RiskIQ has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven

1  at trial. RiskIQ is also entitled to enhanced damages under the Lanham Act due to Risk IO's
2  deliberate, willful and intentional use of Infringing Marks in an amount to be proven at trial.

3  27.  Moreover, Risk IO and those acting in concert with it, have caused, are causing,
4  and unless enjoined and restrained by this Court, will continue to cause RiskIQ great and
5  irreparable injury to, among other things, the value of the Trademark, the goodwill and business
6  reputation of RiskIQ, and its business relations with customers and prospective customers, all of
7  which cannot be adequately measured or compensated in money damages. RiskIQ has no
8  adequate remedy at law and is entitled to preliminary and permanent injunctive relief enjoining
9  and restraining Risk IO, its officers, agents, servants, employees, partners, licensees, affiliates,
10 and attorneys, and those persons in active concert or participation with them, including but not
11 limited to Risk IO's distributors, resellers, and customers, from further use of the Infringing
12 Marks.

13 28.  RiskIQ's Trademark was a valid, registered mark when Risk IO began using the
14 Infringing Marks.  Moreover, RiskIQ has notified Risk IO of its valid and protected rights.
15 Further, Risk IO adopted its name after it entered the market and after it had operated under a
16 different name and changed its name from something distinct to something strikingly similar to
17 RiskIQ. For at least these reasons, Risk IO's unauthorized and infringing use of the confusingly
18 similar Infringing Marks has been committed willfully and maliciously, and with the intent to
19 cause confusion, mistake, and to deceive, such that RiskIQ is entitled to recover lost profits and
20 attorneys' fees, as well as exemplary damages sufficient to deter such conduct by Risk IO in the
21 future.

**SECOND CLAIM FOR RELIEF**
**(WILLFUL INFRINGEMENT)**

23 29.  RiskIQ repeats and re-alleges that allegations set forth in paragraphs 1 through 28,
24 above, as if set forth here in full.

25 30.  As alleged above, Risk IO is infringing both RiskIQ's federally protected
26 Trademark as well as its Tradename and its corporate name in an infrastructural design to cause
27 confusion.

28

Complaint                             6                                Case No.

Computerlaw Group LLP
www.computerlaw.com℠

31. Because of RiskIQ's federally registered mark, its widespread promotion of its Trademark, Tradename and its Corporate name, and its correspondence informing Risk IO of its claims to the term, Risk IO had prior knowledge of RiskIQ's exclusive claim to trademark rights in the Trademark, Tradename and Corporate name.

32. Defendant Risk IO deliberately and willfully began its use of the confusingly similar Infringing Marks on its directly competitive products and services as a calculated and intentional strategy to exploit the advantage of RiskIQ's established trademark and trade name by creating confusion among customers.

33. Plaintiff RiskIQ has been damaged by this willful trademark infringement, and is entitled to its lost profits, or an accounting and award of Risk IO's unjust enrichment at RiskIQ's expense.

34. Plaintiff RiskIQ is also entitled to an award of punitive damages in an amount to punish and deter future such willful violation of federal trademark rights.

35. Because this is an exceptional case of infringement by a defendant who acted maliciously, fraudulently, deliberately, and willfully, knowing it was infringing RiskIQ's rights, RiskIQ is also entitled to recovery of its attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF
(COMMON UNFAIR COMPETITION)

36. RiskIQ repeats and re-alleges the allegations set forth in paragraphs 1 through 35, above, as if set forth here in full.

37. Defendant Risk IO has used the misleading, deceptive, and confusingly similar Infringing Marks in interstate commerce, and/or use of the confusingly similar Infringing Marks as its corporate or business names. Risk IO uses the Infringing Marks without RiskIQ's permission or authority. Because of the similarity of the Infringing Marks with RiskIQ's protected Trademark, on similar goods and services to those in the International Class in which RiskIQ has priority, and because Risk IO has made this use in the same territory and using similar or overlapping marketing channels as RiskIQ, Risk IO's use is likely to cause confusion, to cause mistake, and to deceive and to unfairly compete with RiskIQ. Risk IO's infringement of

RiskIQ's registered and common law Trademark and tradename constitutes anti-competitive business acts and practices that are unfair, unlawful, and are injurious to both RiskIQ and consumers.

38. Separately and independently, Defendant Risk IO competed unfairly by acts of unfair or unlawful infringement of RiskIQ's Trademark and tradename.

39. Separately and independently, Risk IO has competed unfairly with RiskIQ by exploiting the goodwill of RiskIQ's Trademark and tradename and diverting actual and potential custom in violation of § 43(a) of the Lanham Act.

40. Separately and alternatively, under the Risk IO's use of the confusingly similar Infringing Marks, Risk IO competed unfairly even if those acts do not constitute technical violations of the Lanham Act or common law trademark infringement, RiskIQ has used the confusingly similar Infringing Marks to RiskIQ's tradename in commerce to identify its goods and services to consumers, as a non-functional and distinctive indication of source and quality, and Risk IO's use of the Infringing Marks unfairly and deceptively exploits those false and misleading associations.

41. As a direct and proximate result of Risk IO's acts and practices of unfair competition, consumers are likely to be misled, and are actively being misled. Moreover, RiskIQ has been, and continues to be, irreparably harmed and otherwise severely damaged in an amount yet to be determined.

42. Defendant Risk IO had both actual and constructive knowledge of RiskIQ's priority of right to use the Trademark and tradename, and has refused RiskIQ's demand that Risk IO cease and desist its use of the confusingly similar Infringing Marks. Risk IO has caused, are causing, and unless enjoined and restrained by this Court, will continue its wrongful conduct, and has refused to discontinue voluntarily when requested by Plaintiff. The threat and injury is ongoing to the consuming public and RiskIQ including, among other things, irreparable injury to goodwill and business reputation of RiskIQ, and its business relations with customers and prospective customers.

43. As allowed by California's Unfair Competition Law, this Court has the power and discretion to make orders or judgments as necessary to prevent Risk IO's use of the acts and practices which violate the Unfair Competition Law, including restitution, and injunctions against Risk IO's distributors, resellers, and customers, from further use of RiskIQ's company trade name and the confusingly similar Infringing Marks on Risk IO's website or wherever it might occur, civil penalties to deter such conduct, disgorgement of profits, as well as restitution to victims of Risk IO's unlawful business conduct.

## PRAYER

RiskIQ prays for judgment against Risk IO, and those persons in control of or acting in concert with Risk IO, as follows:

A. On the First Claim for Trademark Infringement, for statutory damages, for RiskIQ's actual damages according to proof, for an accounting by Risk IO of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law; for disgorgement of any additional gains, profits, and advantages obtained by Risk IO attributable to its infringements of RiskIQ's Trademark, according to proof; for costs of suit, and for the greater of treble profits or damages, as allowed by law;

B. On the Second Claim for Willful Trademark Infringement, for actual damages according to proof, for an accounting by Risk IO of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law; for disgorgement of any additional gains, profits, and advantages obtained by Risk IO attributable to its infringements of RiskIQ's Trademark, according to proof; for costs of suit, and for the greater of treble profits or damages, as allowed by law;

C. On the Third Claim for Unfair Competition, for restitution, for disgorgement of profits, for civil penalties, and for preliminary and permanent injunctions enjoining Risk IO, its officers, agents, servants, employees, and all other persons in active concert with it, from unfair and unlawful business practices of directly or indirectly infringing RiskIQ's Trademark or continuing to assist in such activity;

D. On all Claims for Relief, For RiskIQ's actual damages according to proof, and for disgorgement of any additional gains, profits, and advantages obtained by Risk IO attributable to its infringements of RiskIQ's Trademark, in accordance with proof;

E. For an accounting by Risk IO of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law;

F. On all Claims for Relief, for pre-judgment and post-judgment interest;

G. On all Claims for Relief, for its costs of suit and for its reasonable attorneys' fees as allowed by law; and

H. For such other, further, and different relief as the Court deems just and proper.

Dated: December 15, 2014       COMPUTERLAW GROUP LLP

By:       /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for RiskIQ
RISKIQ, INC.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: December 15, 2014       COMPUTERLAW GROUP LLP

By:       /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
RISKIQ, INC.